**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ERIC RICHARDSON,<br>Petitioner, | * | |
| | * | |
| | * | |
| v. | * | Civil No.      WDQ-12-3753 |
| | * | Criminal No.  WDQ-09-0288 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending is Richardson's motion to vacate, set aside, or correct sentence under 28 U.S.C.

§ 2255. The government asserts that the motion is time-barred. For the following reasons, the

Court will dismiss the motion as untimely.

**I. Background**

On July 26, 2010, Richardson plead guilty to conspiracy to distribute and possess with

intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. *See* ECF No. 779. On

December 2, 2010, Richardson was sentenced to 180 months imprisonment. *See* ECF 906. He

did not appeal.

On December 19, 2012, Richardson filed this § 2255 motion.[1] ECF No. 1179. On

January 15, 2013, the Court directed the United States Attorney to file a limited response

addressing the timeliness of the motion. ECF 1186. On March 8, 2013, the government

responded. ECF No. 1215. On March 11, 2013, the Court granted Richardson until April 13,

2013, to explain why his motion was timely. ECF No. 1216. On March 25, 2013, Richardson

replied. ECF No. 1219.

---

[1] This is the date Richardson deposited the motion in the prison mailbox. *See Houston v. Lack*, 487 U.S. 266
(1988); *United States v. Dorsey*, 988 F. Supp. 917, 919–920 (D. Md. 1998).

II. Analysis

    A.  Limitations Period

Motions filed under 28 U.S.C. § 2255 must be filed within one year of the date the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f).  The limitations period runs from the latest of: (1) the date on which the conviction became final; (2) the date on which the "impediment to making a motion created by government action . . . is removed, if the movant was prevented from making his motion by government action"; (3) the date on which the right asserted was recognized by the Supreme Court, if it has been made retroactive to cases on collateral review; or (4) the date on which the facts supporting the claims could have become known through the exercise of due diligence.  *Id.*

If no appeal is noted, the conviction becomes final when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003).  Because Richardson did not appeal, his conviction became final on December 16, 2010, 14 days after sentencing. *See* Fed. R. App. P. 4(b)(1)(A).  The one-year limitations period expired on December 16, 2011, before Richardson filed his motion. *See* 28 U.S.C. § 2255(f)(1).

    B.  Equitable Tolling

Section 2255's one-year limitation period is subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he demonstrates: (1) that he has been pursuing his rights diligently, and (2) an extraordinary circumstance stood in his way and prevented timely filing. *See id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Richardson argues his "long lengthy mental illness" constitutes an extraordinary circumstance to equitably toll the running of the limitations period. ECF No. 1219 at 2. In

support, Richardson notes that he was under a psychiatrist's treatment and prescribed medication for his condition while in the custody of the U.S. Marshal's Service from May 28, 2009 through July 23, 2009. *See id.* His assertions fail to demonstrate profound mental incapacity warranting equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 513 (noting federal courts "apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity"). Richardson has failed to show how a mental disorder or other medical condition he suffered in 2009, prevented him from filing his motion to vacate when his conviction became final in December 2010. Further, he has not demonstrated extraordinary circumstance or diligent pursuit of his rights entitling him to equitable tolling. Richardson's motion is untimely.

   C. Certificate of Appealability

   Under Rule 12 of the Rules Governing § 2255 Proceedings, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." When dismissal of a motion to vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Richardson has not satisfied this standard, and the Court will not issue a certificate of appealability.

3

III. CONCLUSION

For the reasons stated above, Richardson's motion to vacate, set aside, or correct will be dismissed as untimely.

4/17/13
_____
Date

_____
William D. Quarles, Jr.
United States District Judge